[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OR ARTICULATION
In this motion the plaintiff makes two claims: (1) the defendant knew that her husband, George Finney, would frequently visit the site and had obtained the building permit CT Page 8770 from the town hall in her behalf, thus constituting him her agent for these purposes; and (2) the circumstance that George Finney and the defendant were married should not be used to negate a finding of agency if the evidence would otherwise establish it.
The defendant did know that her husband was frequently on the job site presumably to protect her interest as the owner of the building to be erected pursuant to the written contract. This knowledge, however, would not authorize him to modify the contract by agreeing to pay for the additional work that Miller was requesting. The plaintiff knew that the defendant had told its representative that she would be responsible for only the work included in the signed contract and that any additional work would be Miller's responsibility. The plaintiff could not reasonably rely on George Finney's assurances of payment without some manifestation of consent to such a guaranty by the defendant. The evidence does not indicate that she was aware that her husband had made such a promise to the plaintiff.
In response to the second claim, the court agrees that the existence of a marital relationship between the defendant and George Finney does not weigh against a finding of agency. In this case, however, there is no substantial evidence of agency outside of that relationship.
The motion is denied.
David M. Shea State Judge Referee